**Sandra S. Gustitus, OSB #143298**
E-mail:  sgustitus@chenowethlaw.com
**Bradley T. Crittenden, OSB #173274**
E-mail: bcrittenden@chenowethlaw.com
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR  97204
Telephone:  (503) 221-7958
Facsimile:  (503) 221-2182

*Attorney for Defendant, MacGregor Walker*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| BRUCE F. LOTHROP, and individual resident of Washington State<br><br>Plaintiff,<br><br>v.<br><br>MACGREGOR WALKER, an individual resident of Oregon State<br><br>Defendant. | Case No. 3:20-cv-00260-HZ<br><br>**DEFENDANT MACGREGOR WALKER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** |

## ANSWER

Defendant MacGregor Walker ("Walker") answers Plaintiff's *Complaint* as follows:

1.

In response to the allegations in paragraph 1, Walker is without sufficient knowledge to form a belief as to the truth of the allegations and thus denies them.

Page 1 -  DEFENDANT MACGREGOR WALKER'S ANSWER,
           AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
           PLAINTIFF'S COMPLAINT

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, Fourth Floor**
**Portland, OR  97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: sgustitus@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**

2.

Walker admits the allegations in paragraph 2.

3.

Paragraph 3 contains legal conclusions that Walker denies, and regarding the factual allegations, Walker is without sufficient knowledge to form a belief as to the truth of the allegations and thus denies them.

4.

In response to the allegations in paragraph 4, Walker admits Lothrop transferred an Alaska State Commercial Fisheries Entry Permit to Walker for Walker's use. Walker denies the remaining allegations in paragraph 4.

5.

Walker denies the allegations in paragraph 5. Exhibit 1 appears to be attached to Plaintiff's complaint, but its text controls over Plaintiff's quote or paraphrase thereof, which Walker denies.

6.

In response to the allegations in paragraph 6, Walker is without sufficient knowledge to form a belief as to the truth of the allegations and thus denies them.

7.

In response to the allegations in paragraph 7, Exhibit 2 appears to be attached to Plaintiff's complaint, but its terms control over Plaintiff's paraphrase thereof, which Walker denies. Walker admits he is the transferee of a fishing permit and denies the remaining

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

allegations in paragraph 7.

8.

In response to the allegations in paragraph 8, Exhibit 2 appears to be attached to Plaintiff's complaint, but its terms control over Plaintiff's paraphrase thereof, which Walker denies.

9.

In response to paragraph 9, Walker admits paying Plaintiff, but otherwise denies the allegation insofar as it implies Walker made only one payment.

10.

Walker denies the allegations in paragraph 10.

11.

Walker denies the allegations in paragraph 11.

12.

Walker denies the allegations in paragraph 12.

13.

Walker denies the allegations in paragraph 13.

14.

In response to the allegations in paragraph 14, Walker admits he used Plaintiff's permit under an agreement to do so, but otherwise denies the allegations in paragraph 14.

15.

Walker admits he fished under the fishing permit but otherwise denies the allegations in

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, Fourth Floor**
**Portland, OR  97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: sgustitus@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**

paragraph 15.

16.

Walker admits he has used the fishing permit and has received income in using the fishing permit but otherwise denies the allegations in paragraph 16.

17.

Walker denies the allegations in paragraph 17.

18.

Walker denies the allegations in paragraph 18.

19.

Walker denies the allegations in paragraph 19.

20.

Walker denies the allegations in paragraph 20.

21.

Walker denies the allegations in paragraph 21.

## **GENERAL DENIAL**

22.

Each allegation in the complaint not specifically admitted above, is denied.

## **FIRST AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

23.

Plaintiff's first claim for relief is barred by the statute of frauds.

/ / /

Page 4 - DEFENDANT MACGREGOR WALKER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, Fourth Floor**
**Portland, OR 97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: sgustitus@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

24.

Plaintiff's equitable claim for relief is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

25.

Plaintiff's claims for relief are barred, in whole or part, by waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

26.

Plaintiff's claims for relief are barred, in whole or part, by estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

27.

Plaintiff's claims are barred because he fails to allege sufficient facts to constitute a claim for relief.

## SIXTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

28.

To the extent a contract exists between Plaintiff and Walker, Plaintiff's claims are barred

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, Fourth Floor**
**Portland, OR 97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: sgustitus@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**

because he has prevented Walker's performance of any purported contract.

### SEVENTH AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

29.

Plaintiff's claims are barred, or alternatively his recovery should be limited, because he has failed to mitigate his alleged damages, to the extent there are any.

### EIGHTH AFFIRMATIVE DEFENSE

**(Laches)**

30.

Plaintiff's claims are barred, in whole or part, because he unreasonably delayed bringing his claims.

### NINTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

31.

Plaintiff's claims are barred by the statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

**(Satisfaction)**

32.

Even if Plaintiff's allegations were true, Plaintiff's claims are barred because Walker has paid Plaintiff in full any amount that was owed.

/ / /

Page 6 - DEFENDANT MACGREGOR WALKER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**CHENOWETH LAW GROUP, PC**
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Damage to Plaintiff)

33.

Even if Plaintiff's allegations were true, he has not suffered any damages as a result of any action by Walker.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mistake)

34.

To the extent Plaintiff and Walker entered a contract, that contract is void because of mistake.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Indefinite Contract)

35.

To the extent Plaintiff and Walker entered a contract, its terms are too indefinite to enforce.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

36.

To the extent Plaintiff and Walker entered a contract, it is void because Plaintiff intentionally misrepresented material facts to induce Walker's reliance on Plaintiff's promises and his assent to the contract.

/ / /

/ / /

**CHENOWETH LAW GROUP, PC**
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Illegality)

37.

To the extent Plaintiff and Walker entered a contract regarding the entry permit, it is an illegal contract and thus void.

## RESERVATION OF RIGHTS

38.

Walker reserves the right to amend his Answer or allege additional affirmative defenses or counterclaims.

## FIRST COUNTERCLAIM

### (Breach of the Duty of Good Faith and Fair Dealing)

Defendant MacGregor Walker ("Walker") alleges as follows:

39.

On or about October 29, 2017, Walker and Plaintiff Bruce Lothrop ("Lothrop") entered a five-year lease whereby Walker agreed to lease (the "Lease") from Lothrop real property located on tax lots 203, 204, and 403 in Josephine County, Oregon (the "Property"). Under Oregon law, the Lease contains a covenant of good faith and fair dealing.

40.

Pursuant to the Lease, Lothrop granted Walker "the full authority" and "fully entitled" Walker "to improve the property however [Walker] sees fit, and shall for all legal extents and circumstances be considered a partner in this property[.]"

41.

Lothrop and Walker entered an oral agreement contemporaneously with the Lease whereby Lothrop agreed to sell tax lot 403 to Walker for $100,000 after the first year of the Lease.

Page 8 -   DEFENDANT MACGREGOR WALKER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, Fourth Floor**
**Portland, OR  97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: sgustitus@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**

42.

After entering the Lease and relying upon Lothrop's promise to sell tax lot 403 to Walker, Walker and his domestic partner quit their jobs in Portland, relocated to live on the Property, and began providing materials and performing services to improve the Property.

43.

In September 2018, Lothrop unilaterally terminated the Lease, refused to sell tax lot 403 to Lothrop, and demanded Walker and his domestic partner to vacate the Property. Lothrop and his domestic partner vacated the Property by November 2018.

44.

Walker performed all conditions precedent to demanding Lothrop's performance, or such conditions were waived or excused.

45.

By refusing to honor and perform the Lease according to the parties' objectively reasonable expectations, Lothrop breached his duty of good faith and fair dealing.

46.

As a result of Lothrop's breach, Walker has been damaged in an amount to be proven at trial, but not more than $150,000.

47.

Walker's damages are reasonably ascertainable, and Walker is entitled to prejudgment on his damages pursuant to ORS 82.010.

**SECOND COUNTERCLAIM**

**(Unjust Enrichment)**

48.

Walker conferred a benefit on Lothrop by performing services and providing materials to improve the Property. Lothrop was aware of the benefit Walker provided. Walker had a

Page 9 - DEFENDANT MACGREGOR WALKER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

CHENOWETH LAW GROUP, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR 97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com

reasonable expectation of being compensated for his services and materials, and it would be unjust to allow Lothrop to retain the benefit Walker conferred without paying for it.

49.

The reasonable value of Walker's materials and services is $130,000, and this is the amount by which Lothrop has been unjustly enriched.

50.

Walker's damages are reasonably ascertainable, and Walker is entitled to prejudgment on his damages pursuant to ORS 82.010.

## DEMAND FOR JURY TRIAL

51.

Walker demands a jury trial pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Walker prays for judgment awarding the following relief in favor of Walker and against Plaintiff Lothrop:

(A) On Plaintiff's FIRST CLAIM FOR RELIEF (Breach of Contract) and SECOND CLAIM FOR RELIEF for (Unjust Enrichment):

    (1) dismissal of the claims with prejudice;

    (2) an award of costs pursuant to Fed. R. Civ. P. 54; and

    (3) such other relief as this Court may deem just and equitable.

(B) On DEFENDANT'S FIRST COUNTERCLAIM (Breach of the Duty of Good Faith and Fair Dealing):

    (1) a money award in an amount to be determined at trial, but not more than $150,000;

    (2) prejudgment interest pursuant to ORS 82.010;

Page 10 - DEFENDANT MACGREGOR WALKER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, Fourth Floor**
**Portland, OR 97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: sgustitus@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**

(3) an award of costs pursuant to Fed. R. Civ. P. 54; and

(4) such other relief as this Court may deem just and equitable.

(C) On DEFENDANT'S SECOND COUNTERCLAIM (Unjust Enrichment):

(1) a money award in an amount to be determined at trial, but not more than $130,000;

(2) prejudgment interest pursuant to ORS 82.010;

(3) an award of costs pursuant to Fed. R. Civ. P. 54; and

(4) such other relief as this Court may deem just and equitable.

Dated this 14th day of August, 2020.

CHENOWETH LAW GROUP, PC

 /s/ Sandra S. Gustitus
Sandra S. Gustitus, OSB No. 143298
Bradley T. Crittenden, OSB No. 173274
510 SW Fifth Avenue, 4th Floor
Portland, OR  97204
Phone: (503) 221-7958
Fax:  (503) 221-2182
Email: sgustitus@chenowethlaw.com
bcrittenden@chenowethlaw.com
*Attorneys for Defendant MacGregor Walker*

Page 11 - DEFENDANT MACGREGOR WALKER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

**CHENOWETH LAW GROUP, PC**
**510 SW Fifth Avenue, Fourth Floor**
**Portland, OR  97204**
**Telephone: (503) 221-7958**
**Facsimile: (503) 221-2182**
**Email: sgustitus@chenowethlaw.com**
**bcrittenden@chenowethlaw.com**

# DECLARATION OF SERVICE

I hereby certify that I caused to be served a copy of the foregoing **DEFENDANT MACGREGOR WALKER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** on the following person(s) in the manner indicated below at the following address(es):

| | |
|---|---|
| Thomas R. Walsh | Kevin Beauchamp Smith |
| International Martine Group, PLLC | Attorney at Law |
| 800 Fifth Avenue, Suite 4100 | 2442 NW Market Street, PMB #10 |
| Seattle, WA 98104 | Seattle, WA 98107-4137 |
| Email: Walsh@Maritime.Law | Email: kbeaus@ix.netcom.com |
| *Attorneys for Plaintiff* | *Attorney for Plaintiff (Pro hac vice)* |

by the following method(s):

__xx__     by **e-service/emailing** a full, true and correct copy thereof to the parties at the email addresses shown above, which are the last-known email addresses of the parties, on the date set forth below.

_____     by **mailing** a full, true and correct copy thereof in a sealed, first-class, postage pre-paid envelope, addressed to the last-known address of the parties as shown above, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

_____     by **hand delivering** a full, true and correct copy thereof to the parties at the last known business address of the parties above.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it may be used as evidence in court and is subject to penalty for perjury.

Dated: August 14, 2020

CHENOWETH LAW GROUP, PC

   */s/ Natalya Beliy*
Natalya Beliy, Paralegal